IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Bryant H. Harvey, Jr. (M-51717), | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 50203 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Michael Lowe, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [10] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $9.81 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The court directs the Clerk of Court to send a copy of this order to the trust fund officer at the Dixon Correctional Center. Summonses, however, shall not be issued. Plaintiff's complaint [1] is dismissed with prejudice for failure to state a claim upon which relief may be granted. Because plaintiff has not established a basis for federal relief, his motions for preliminary injunction [11] and for service of process at government expense [5] are denied. Plaintiff's motion for attorney representation [4] is denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 42 U.S.C. § 1915(g). Having brought this federal lawsuit, plaintiff remains responsible for paying the $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

### STATEMENT

Plaintiff Bryant H. Harvey, Jr., an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning his encounters with correctional officer Lowe at the Dixon Correctional Center. Before the court are plaintiff's application for leave to proceed *in forma pauperis*, complaint for initial review, and motion for attorney representation.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $9.81 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify plaintiff's name and the case number assigned to this case.

The court next considers plaintiff's complaint. Under 28 U.S.C. § 1915A, the court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

This case concerns plaintiff's interactions with correctional officer Lowe following their encounter in Dixon Correctional Center's infirmary in 2017. Specifically, plaintiff alleges that, during a visit to the infirmary, Lowe ordered him to relinquish his blanket. ([1], p. 10.) Plaintiff explained to Lowe that the blanket belonged to him and not the infirmary. (*Id.*) Lowe nevertheless insisted that plaintiff relinquish the blanket and told plaintiff that he "would get a ticket for insolence." (*Id.*) A sergeant then arrived, told plaintiff to "cuff up," and escorted plaintiff to segregation. (*Id.*) Plaintiff subsequently received a ticket alleging that he "rammed" Lowe with his wheelchair, which ticket was amended sometime later to include a charge of disobeying a direct order. (*Id.*, pp. 10-11.) Plaintiff denies that he engaged in the conduct underlying the charges (*id.*), but on December 20, 2017, the Adjustment Committee found plaintiff guilty of assault, insolence, and disobeying a direct order (*id.*, pp. 11, 41).[1] As a result, plaintiff received 35 days segregation, two months c-grade, and six months "contact visit restriction." (*Id.*, p. 42.)

Following the disciplinary proceedings, plaintiff filed several grievances. For example, on January 2, 2018, he complained to adjustment committee members that he had been denied the right to call witnesses at his hearing because he could not identify them by their "government names" (*id.*, pp. 10-11); on January 12, 2018, he complained that a senior officer wrongfully added a charge of disobeying a direct order to his ticket (*id.*, p. 11); and on February 3, 2018, and February 8, 2018, he complained to "CAO" Varga that he "had been placed into an unsafe environment" and that he was being "verbally assaulted, intimidated, and harassed." (*Id.*) Plaintiff explained in the February 8, 2018 letter that he did not feel safe because Lowe wrote a

---

[1]Plaintiff's allegations omit information necessary to the court's analysis of his claims, but information in attachments to the complaint helps to clarify the allegations. The court therefore cites to the attachments where necessary to provide the factual context of plaintiff's allegations.

false disciplinary ticket against him and that Lowe was "provok[ing]" and "verbally assault[ing]" him. (*Id.*, p. 24; *see also id.*, p. 25 (Feb. 3, 2018 grievance alleging "threats" from Lowe).)

Plaintiff also wrote a letter to various prison officials on April 10, 2018, and submitted emergency grievances on April 22, 2018, and April 23, 2018, that were denied. (*Id.*, pp. 12-13.) He does not specify the content of the letter or grievances, but attachments to the complaint show that plaintiff's April 10, 2018 letter challenged his disciplinary proceedings (*id.*, p. 23); his April 22, 2018 grievance concerned an incident that he describes as a verbal assault where Lowe purportedly told him, "I don't give a shit bitch lock-up . . . You people think that a Lt. can help you . . . can't no one save you from me" (*id.*, pp. 27-28); and his April 23, 2018 grievance concerned an incident during which Lowe purportedly said, "what did your dumb stupid ass do that for . . . you need to leave bitch" (*id.*, pp. 29-30). Additional grievances document other encounters plaintiff allegedly had with Lowe, including verbal exchanges, an allegation that Lowe rummaged through and took some of plaintiff's belongings, and Lowe's purported threat to have other inmates beat plaintiff. (*Id.*, pp. 13, 31-35.) Responses to plaintiff's grievances reveal that prison officials investigated plaintiff's allegations concerning Lowe and found the allegations to be unsubstantiated. (*See id.*, pp. 29, 45.)

Plaintiff names seventeen defendants to his complaint. Defendants include Officer Lowe, Administrative Review Board members, high level officials, grievance officers, and other personnel that appear to have no relationship to plaintiff's claims. (*Id.*, pp. 1-5.) Plaintiff asserts that the conduct described in the complaint constitutes "an Eighth Amendment violation of deliberate indifference, retaliation, harassment, abuse of authority, racial profiling, intimidation, verbal abuse, due process, and equal protection, fraud & perjury." (*Id.*, p. 14.) He asks for compensatory damages, expungement of the disciplinary charges against him, and an order directing the Illinois Department of Corrections to install cameras in all housing units, transfer him to the facility of his choice, terminate Officer Lowe from his employment, and perform a lie detector test concerning the events underlying his discipline. (*Id.*, pp. 4, 16.)

As an initial matter, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of surplus material in a complaint is not enough to frustrate the goals of Rule 8, unnecessary length coupled with repetitiveness, needless complexity and immaterial allegations are grounds for dismissal. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). The 52-page document submitted by plaintiff (composed of 16 hand-written pages and dozens of pages of exhibits) does not comply with Rule 8 insofar as the allegations are rambling, contain many pages of immaterial information, and are composed largely of legal conclusions, making it difficult for the court to identify the basis for plaintiff's claims. *See Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."). Indeed, the court had to scour the exhibits to the complaint for purposes of this screening order, which it need not do. *Kadamovas*, 706 F.3d at 844.

The court also discerns no basis for federal liability stemming from plaintiff's allegations. First, a prisoner is entitled to due process protections only when the conditions of his discipline impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison

life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). A short confinement in segregation, by itself, is not an atypical or significant deprivation in relation to the ordinary incidents of prison life. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (concluding that 90 days in segregation did not support due process claim); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (concluding that 59 days in administrative segregation did not support due process claim). Likewise, demotion to c-grade and loss of visitation privileges do not implicate a liberty interest. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (concluding that prisoner not entitled to process for discipline of two months segregation, loss of prison job, loss of privileges, and transfer). Because a procedural due process claim lies only where the penalty faced by a prisoner-plaintiff implicates a protected liberty interest, *see Lekas v. Briley,* 405 F.3d 602, 607 (7th Cir. 2005), neither a substantive nor procedural due process claim exists on the facts alleged by plaintiff.

Second, "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). That is not to say verbal harassment can never violate the Constitution, but "most verbal harassment by jail or prison guards" does not violate the Constitution. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (collecting cases). While the court does not condone Lowe's purported conduct, there is no indication that the complained-of conduct is anything more than verbal harassment.

Third, to establish a claim for deliberate indifference to a prisoner's safety, an inmate must allege a tangible threat to his safety or well-being. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Jones v. Butler*, 663 F.App'x 468, 470 (7th Cir. 2016) (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)). Although plaintiff insists that Lowe's conduct presents a threat to his safety, there is no indication that any purported threat is likely to materialize. Rather, information in attachments to the complaint show that prison officials have investigated plaintiff's concerns and have determined that plaintiff's allegations concerning Lowe's conduct are unfounded.

Fourth, to state a retaliation claim under section 1983, a plaintiff must allege facts showing that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action[.]" *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotation marks omitted). However, it would "trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Lowe's purportedly crass comments are not the type of deprivation likely to deter First Amendment activity and, in fact, did not deter plaintiff from filing grievances. And while there is some indication that plaintiff believes Lowe took his property (*see* [1], p. 13), the allegations do not specify what was taken or the circumstances surrounding any confiscation of property. These incidents do not give rise to a constitutional violation.

The court has considered whether amendment is feasible, *see Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015), but, given the specificity of plaintiff's allegations, amendment appears futile. Accordingly, plaintiff's complaint is dismissed with prejudice for failure to state a colorable federal claim. *See Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) ("[I]f a plaintiff fails to properly allege a claim for relief brought under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6)[.]"). The dismissal of this case counts as a dismissal under 28 U.S.C. § 1915(g). If plaintiff accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* FED. R. APP. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if plaintiff wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

Date: 07/25/2018            ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (LC)